UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAOLO LAZA MBUNGA,<br><br>                Petitioner,<br><br>   v.<br><br>PAMELA BONDI, KRISTI NOEM, TODD LYONS, LAURA HERMOSILLO, and BRUCE SCOTT,<br><br>                Respondents. | Case No. 2:26-cv-00113<br><br>ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Before the Court is a petition for writ of habeas corpus filed by Paolo Laza Mbunga. Dkt. 1. Mbunga challenges the legality of his re-detention because it violates both federal immigration regulations and his constitutional right to procedural due process. He seeks immediate release from the Northwest ICE Processing Center ("NWIPC"). For the following reasons, his petition is GRANTED.

## II.    BACKGROUND

Mbunga is a citizen and national of either the Democratic Republic of Congo or Angola. *See* Dkt. 6-1 at 2; Dkt. 5 ¶ 8. On July 21, 2019, at the age of 11, he entered the United States with his family and was apprehended by Border Patrol agents shortly after crossing the Rio Grande

ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS - 1

River. *Id.* at 3–4. Mbunga and his family were processed for removal proceedings, given a notice to appear, and released on their own recognizance. *Id.* at 4. The notice to appear directed Mbunga to appear in New York City's immigration court but did not provide a specific date or time. Dkt. 6-2 at 2. A few weeks later, Mbunga and his family left the United States for Canada to apply for asylum. Dkt. 1-2 at 1; Dkt. 1 ¶¶ 20–21; Dkt. 5 ¶ 5.

Mbunga's immigration case was eventually docketed in New York City's immigration court, and a hearing was scheduled for March 2, 2020. Dkt. 1-2 at 2; Dkt. 5 ¶ 6. At the March 2, 2020 hearing, Mbunga failed to appear and the immigration court issued a removal order in absentia. Dkt. 6-3 at 2.

Several years later, Mbunga and his family re-entered the Untied States from Canada on September 14, 2024. Dkt. 5 ¶ 7. He was arrested by a Border Patrol agent in Troy, Vermont and was ultimately detained in Plymouth County Correctional Facility in Boston. *Id.* ¶ 7. Mbunga's counsel filed a motion to reopen his removal proceeding around November 19, 2024. *Id.* ¶ 10. An Order of Supervision ("OSUP") was issued on January 8, 2025 and Mbunga was released on the same day. Dkt. 6-6 at 2; Dkt. 6-5 at 2. The motion to reopen was denied, and Mbunga timely appealed the decision before the Board of Immigration Appeals ("BIA") and remained at liberty while the appeal was pending. Dkt. 1-2 at 2.

At a supervisory check-in in December 2025, Mbunga's mother and father were informed by ICE officers that Mbunga's appeal did not appear on the Executive Office for Immigration Review system. Dkt. 1-2 at 2. Mbunga filed a motion to stay his removal with the BIA. *Id.* At the following check-in on December 29, despite Mbunga providing ICE with paperwork from the BIA acknowledging his pending appeal, ICE maintained that Mbunga had a final order of removal and arrested him. Dkt. 1-2 at 2–3; Dkt. 6-7 at 3; Dkt. 5 ¶ 14. Mbunga was transferred to

ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS - 2

NWPIC and has remained there ever since. *Id*. He was not provided notice as to why his release was revoked or a hearing to contest his re-detention. Dkt. 1-2 at 2.

Counsel for Mbunga contacted the BIA's Emergency Stay Unit to find out whether there were plans to remove Mbunga and his family. *Id.* at 3. The Emergency Stay Unit informed Mbunga's counsel that there were no plans to remove Mbunga and his family, and that no removal date had been set. *Id.* After Mbunga filed this habeas petition, ICE served him with a revocation notice for his order of supervision on January 27, 2026. Dkt. 5 ¶ 16. The notice asserted, without supporting facts, that Mbunga had "not complied with the conditions specified in your Order of Supervision." Dkt. 6-10 at 2. No evidence has been submitted to support this assertion, nor do Federal Respondents contend that Mbunga failed to comply with his conditions of release. *See* Dkt. 4.

The instant petition was filed on January 13, 2026. Dkt. 1. Respondents filed their response on January 27. Dkt. 4. Mbunga filed his reply on February 2. Dkt. 7.

### III.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.  DISCUSSION

The following are undisputed. Mbunga's removal order is pending before the BIA. Dkt. 1-2 at 2; Dkt. 4 at 4. With an OSUP issued on January 8, 2025, Mbunga was released from immigration custody on his own recognizance. Dkt. 1-2 at 2; Dkt. 5 ¶ 11. There is no evidence or factual allegation that Mbunga violated the conditions of his release. *See* Dkt. 6-10. On

December 29, 2025, Mbunga was arrested based on ICE's incorrect conclusion that his removal order was final. Dkt. 1-2 at 2; Dkt. 5 ¶ 14. He was not provided a hearing to contest his re-detention, nor did he receive written notice of the reasons for his re-detention until January 27, 2026, after he had filed this habeas petition. Dkt. 6-10. The issue before the Court is whether Mbunga's re-detention violates his right to procedural due process under the Fifth Amendment and federal immigration regulations.

Mbunga argues that his re-detention without notice or a hearing requires his immediate release. Dkt. 1 at 7. Respondents have provided the Court with background on the history of Mbunga's immigration proceedings and the relevant detention authorities, but they make no argument in support of his continued detention. *See* Dkt. 4.

### A.     Mbunga's re-detention violates federal immigration regulations

Mbunga first argues that his petition should be granted because Respondents failed to follow their own regulations when he was re-detained. Dkt. 7 at 2.

Respondents acknowledge that "upon revocation" of his release, Mbunga was to be "notified of the reasons for revocation" and given an "initial informal interview promptly" once detained, to provide him "an opportunity to respond to the reasons for revocation stated in the notification." Dkt. 4 at 3 (quoting 8 C.F.R. § 241.4(I)(1)). Respondents do not contend that these requirements were met. Respondents also acknowledge that "revocation of an OSUP" may occur if either: (1) the non-citizen "violates any of the conditions of release," (2) "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," or 3) a designated official has exercised discretion to revoke the OSUP as a matter of public interest. Dkt. 4 at 3 (citing 8 C.F.R. § 241.13(i)). Respondents do not contend any of these apply to Mbunga.

There is no evidence that ICE had a basis to revoke Mbunga's OSUP under the relevant regulations. Nor is there any evidence that ICE complied with its own required procedures. Accordingly, Mbunga's re-detention violates federal immigration regulations.

### B.     Mbunga's re-detention violates his right to procedural due process

Mbunga also argues that his petition should be granted because Respondents violated his procedural due process rights under the Fifth Amendment. Dkt. 7 at 3. Mbunga asks the Court to consider his due process claim under the three-factor test in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 at 9; Dkt. 7 at 3–4. Respondents take no position as to how the Court should analyze Mbunga's constitutional claim or how the Court should weigh the factors under *Mathews*.

When considering due process claims like Mbunga's, courts in the Ninth Circuit have used the three-factor test in *Mathews*. *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025). Under *Mathews*, a court evaluates (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. The Court will consider each factor in turn.

#### 1.     Mbunga has a protected interest in his liberty

Mbunga was released from ICE custody on January 8, 2025. Dkt. 6-5 at 2. His re-detention on December 29, 2025 affected his "[f]reedom from imprisonment—from government custody, detention," which "lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *3 (N.D. Cal. July 24, 2025) ("[E]ven when ICE has the initial discretion to

detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."). The first factor favors Mbunga, as the deprivation of his physical freedom is at stake.

### 2. The risk of erroneous deprivation of Mbunga's liberty is high

The second factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. Mbunga was re-detained because immigration enforcement officers believed, incorrectly, that Mbunga had a final removal order and had no pending appeal before the BIA. Dkt. 5 ¶ 14. "[F]actual disputes related to the justification" for Mbunga's "arrest and [re-detention] should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court." *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026). Process could have prevented his current detention, but Mbunga was not provided any. The second factor favors Mbunga, as his re-detention without a hearing (or even the written notice and informal interview required by ICE's own regulations) caused the erroneous deprivation of his protected interest. *Valdez v. Joyce*, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025) ("Petitioner's re-detention without any change in circumstances or procedure establishes a high risk of erroneous deprivation of his protected liberty interest."); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025) (collecting cases on erroneous deprivation in the context of immigration re-detention).

### 3. The Government's interest in Mbunga's re-detention without notice or a hearing is minimal

"If the government wishes to re-arrest [Mbunga] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The third factor favors Mbunga, as Respondents

have not provided a legitimate interest that would support his re-detention without prior notice or an opportunity to be heard.

The Court finds that all three *Mathews* factors weigh in favor of Mbunga. Therefore, his re-detention violates his right to procedural due process.

## V. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents shall release petitioner Paolo Laza Mbunga on the conditions of his previous order of supervision.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 6th day of February, 2026.

Tiffany M. Cartwright
United States District Judge